**Brian BEGGS and Jennifer Beggs**

**v.**

**Robert V. ROSSI, Leslie A. Marcarelli, Rossi Law Offices, Ltd.**

**No. 3:96CV1852 (RNC).**

United States District Court, D. Connecticut.

Sept. 29, 1997.

---

Joanne Faulkner, Law Offices of Joanne Faulkner, New Haven, CT, for plaintiff.

Peter C. Schwartz, Christopher L. Slack, Gordon, Muir & Foley, Hartford, CT, for defendant.

CHATIGNY, District Judge.

## ORDER

After review and over objection, the Magistrate Judge's recommended ruling is hereby approved and adopted.

So Ordered.

## RECOMMENDED RULING ON MOTION TO DISMISS

MARTINEZ, United States Magistrate Judge.

This action is brought under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–110a. Pending before the court is the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. The defendants contend that the plaintiffs' FDCPA claim fails because personal property tax obligations are not "debts" within the meaning of the FDCPA. The defendants also argue that the plaintiffs' CUTPA claim fails on the grounds that (1) a pendent state law claim standing alone is inadequate; (2) the ascertainable loss required to state a claim under CUTPA has not been adequately alleged; and (3) a CUTPA claim may not be brought against an attorney based on an underlying dispute with the attorney's client.

For the reasons stated below, the court is persuaded that the FDCPA does not apply to the tax obligations at issue in this case and that pendent jurisdiction over the state law claim should not be exercised. Based on these conclusions, the court recommends that the defendants' motion to dismiss (doc. # 16) be GRANTED.

## I. The Allegations of the Amended Complaint

The relevant allegations of the amended complaint are as follows. The plaintiffs, Bri-

an Beggs and Jennifer Beggs, are former residents of the Town of Exeter, Rhode Island, who moved to Connecticut in 1989. Brian and Jennifer Beggs each owned motor vehicles which they used for personal, family or household purposes. Personal property taxes were assessed on the plaintiffs' motor vehicles by the Town of Exeter, Rhode Island. In November 1989, the plaintiffs paid the motor vehicle personal property taxes to the Town of Exeter.

The defendant Robert Rossi is an attorney but is not admitted to practice law in Connecticut. Attorney Rossi and his law firm, Rossi Law Offices, Ltd., collect consumer debts. The defendant Leslie Marcarelli, an attorney who is admitted to practice law in Connecticut, permits Attorney Rossi and Rossi Law Offices, Ltd. to use her name in their debt collection efforts so that they can evade certain Connecticut licensing requirements.

On behalf of the Town of Exeter, the defendants communicated with the plaintiffs in an effort to collect the plaintiffs' personal motor vehicle tax obligations. The plaintiffs claim that the defendants' collection efforts violated the FDCPA on a number of grounds, including failure to include required notices, unfair practices and failure to validate the debt. The plaintiffs also claim that these alleged acts were unfair trade practices in violation of CUTPA.

## II. Standard of Review

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) involves a determination as to whether the plaintiff has stated a claim upon which relief may be granted. *Fischman v. Blue Cross Blue Shield of Conn.*, 755 F.Supp. 528 (D.Conn.1990). The motion must be decided solely on the facts alleged. *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985). In deciding a motion to dismiss, a court must assume all factual allegations in the complaint to be true and must draw reasonable references in favor or the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Such motion should be granted only where no set of facts consistent with the allegations could be proven which would entitle the

plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The issue is not whether the plaintiff will prevail, but whether he should have an opportunity to prove his claims. *Id.*

## III. Discussion

### A. Count I—The FDCPA Claim

The dispositive issue in determining whether the first count of the amended complaint states a claim upon which relief can be granted is whether personal property taxes constitute a debt under the FDCPA. To answer this question, the court will consider the legislative purpose in enacting this law, its statutory language and the precedent interpreting the act. *See Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 220–21, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986).

The Fair Debt Collection Practices Act was enacted in 1977 as an amendment to the Consumer Credit Protection Act to "eliminate abusive collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The purpose of the statute is to protect consumers in their dealings with business. *Blackwell v. Professional Business Servs., Inc.*, 526 F.Supp. 535, 537 (N.D.Ga.1981).

The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

The case law interpreting the meaning of debt under the FDCPA is "sparse." *Mabe v. G.C. Servs. Ltd. Partnership*, 32 F.3d 86, 88 (4th Cir.1994). The only case which directly addresses the question of whether a tax debt could constitute a consumer debt under the FDCPA is *Staub v. Harris*, 626 F.2d 275 (3d Cir.1980). In *Staub*, the court held that a

municipal per capita tax was not covered by the act. *See also Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481–82 (7th Cir.1997) (relying on *Staub v. Harris* in stating that past-due tax obligations are not "debts" under the FDCPA because taxes are generally used for communal rather than personal, family or household purposes).

In *Staub*, the plaintiffs alleged that the defendants had violated the FDCPA in their attempt to collect delinquent taxes. *Staub v. Harris*, 626 F.2d at 276. The district court granted the defendants' motion to dismiss the plaintiffs' complaint on the ground that the per capita taxes at issue were not encompassed within the definition of "debt" under the FDCPA. *Id.* On appeal, the plaintiffs argued that services provided by a municipal government created an ongoing "transaction" with taxpayers and therefore a tax debt came within the statutory definition of consumer debt. *Id.* at 278. The defendants argued that only a debt arising out of a contractual relationship was protected by the statute. *Id.* Without deciding whether the act required that the debt arise out of a contractual relationship, the Third Circuit Court of Appeals held that "at a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value." *Id.* at 277.

The court reasoned that to the extent that taxes could be loosely described as purchasing goods and services, those purchases (such as roads and prisons) had generalized benefits for the entire community. Those generalized benefits exceed the statute's definition of consumer debt which limits the subject of the debt to personal, family or household use. *Id.* ("[t]he relationship between taxpayer and taxing authority does not encompass that type of pro tanto exchange which the statutory definition envisages"). The court observed that the legislative history of the act was bereft of any reference to taxes, and that there was nothing in the legislative history or language of the statute that would suggest that Congress intended to include tax debts within its definition of consumer debts. *Id.* Noting that the statutory language and legislative history limited the FDCPA to the pro-

tection of consumers, the *Staub* court concluded that the FDCPA "does not apply to practices occurring in the course of collection of taxes." *Id.* at 279.

In the present action, the plaintiffs attempt to distinguish *Staub* by arguing that the personal property tax at issue here arises from the purchase or registration of a family car as opposed to the "purchase" of governmental services (the type of transaction argued in *Staub*). The plaintiffs mischaracterize the nature of a personal property tax. A personal property tax is not a tax on a transaction; it is a tax on ownership. A person can acquire ownership of a car by a gift or by inheritance or even by building it himself. How ownership is acquired is irrelevant to the assessment of the tax and therefore the tax cannot reasonably be said to arise out of the purchase of a car. *See, e.g.*, Conn.Gen. Stat. §§ 12–71 (subjecting personal property to taxation) & 12–122 (requiring the town to levy taxes in order to pay for the town's expenses). Nor can it reasonably be said that the tax arises out of the registration of a vehicle. Registration merely permits the taxing authorities to identify the owner of the vehicle. The tax is not levied on the registration of the vehicle; the tax is levied on the ownership of the vehicle. Without any relation to a consumer transaction, there is no basis for distinguishing personal property taxes from the per capita taxes which were at issue in *Staub*.

In light of the statutory language and in the absence of legislative history suggesting otherwise, the court concludes that the collection of delinquent personal property taxes are not protected by the Fair Debt Collection Practices Act. The court's conclusion is in accord with the Federal Trade Commission's ("FTC") comprehensive narrative interpreting the FDCPA, which excludes unpaid taxes from the definition of "debt". *See* Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50,097, 50,102 (December 13, 1988), 1988 WL 269068 (F.R.). Although the FTC's interpretations of the FDCPA are not binding on the courts, the court nonetheless acknowledges the FTC's position and accords it due weight.

**118**

See *Johnson v. NCB Collection Servs.*, 799 F.Supp. 1298, 1303 (D.Conn.1992) (because the FTC is the administrative body empowered to enforce the FDCPA, its interpretation of the statute is entitled to at least some weight) (Cabranes, C.J.); *see also Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 482 n. 2 (7th Cir.1997) and *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1327 n. 8 (7th Cir.1997) (due weight accorded FTC's interpretation of "debt" under FDCPA).

Because the court concludes that the plaintiffs' motor vehicle personal property tax obligations are not "debts" within the meaning of the FDCPA, the court recommends that the motion to dismiss the plaintiffs' claim under the FDCPA claim be granted.

### B. Count II—The CUTPA Claim

■ Having concluded that the plaintiffs' federal claim ought to be dismissed for failure to state a claim, the court next considers whether pendent jurisdiction should be exercised over the state law claim under CUTPA. Where all federal claims are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Because the federal claim should be dismissed under Fed.R.Civ.P. 12(b)(6), the court should decline to exercise jurisdiction over the pendent state law claim.

Because the court recommends that jurisdiction not be exercised over the pendent state law claim, the court does not reach the other arguments offered by the defendants in support of their motion to dismiss the CUTPA claim.

### CONCLUSION

For the forgoing reasons, the Court recommends that defendant's motion to dismiss (doc. # 16) be GRANTED.

Either party may seek the district judge's review of this recommendation. *See* 28 U.S.C. § 636(b) (**written objections to ruling must be filed within ten days after service of same**); F.R.Civ.P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992) (**failure to file timely objection to Magistrate Judge's recommended ruling waives any further judicial review of the ruling**).

Sept. 4, 1997.