## Marna HOLMAN
v.
## WEST VALLEY COLLECTION SERVICES, INC., and Thomas Baron, individually.

### No. 98–CV–2730JMR/FLN.

United States District Court,
D. Minnesota.

Aug. 4, 1999.

Thomas J Lyons, Jr, St Paul, MN, for Marna Holman, plaintiff.

John Alpiner Halpern, Halpern & Assoc, Mpls, MN, Susan Dickel Minsberg, Minsberg Law Office, Mpls, MN, for West Valley Collection Services, Inc., Thomas Baron, defendants.

## ORDER

ROSENBAUM, District Judge.

Defendants seek to dismiss this Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R.Civ.P."). The Court heard oral argument on June 25, 1999. Defendants' motion is granted.

Plaintiff, Marna Holman, is an individual residing in Minnesota. Defendant West Valley Collection Services, Inc. ("West Valley"), is a nationwide debt collection agency which employs defendant Thomas Baron as a debt collector. At this stage of the proceedings, the Court credits, without deciding, plaintiff's version of the facts. *See Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986).

The dispute arises out of the purchase of commercial equipment. Ms. Holman claims someone fraudulently used her credit card to purchase credit card processing equipment from Integrated Leasing Corporation. When her credit card bill disclosed this purchase, she disputed the charge. Notwithstanding her protest, the credit card company assigned the debt to West Valley. Plaintiff filed suit against West Valley and its agent based on defendants' collection efforts, claiming violations

of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692(e).

Defendants deny this statute's applicability, and ask for a dismissal for failure to state a claim upon which relief can be granted. Such a motion cannot be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See Murphy v. Lancaster,* 960 F.2d 746, 748 (8th Cir.1992).

Defendants claim that the statute on which plaintiff's claim is premised does not apply to this debt. Both parties acknowledge that a credit card processing unit is commercial equipment used in business. Defendants argue that the FDCPA does not apply to purchases of commercial equipment. As a result, defendants assert there is no "debt" within the contemplation of the statute, and, therefore, they cannot be liable under it.

Plaintiff replies by asking the Court to characterize the loan as personal, rather than commercial, because defendants sent her dunning letters and telephoned her at home. In plaintiff's view, contacting her at home converted the loan into a personal loan. Further, plaintiff contends that, under the FDCPA, she is a "consumer," whether or not the debt was for commercial use.

The FDCPA protects consumers from false, deceptive, or misleading practices in collection of debts. The Act permits consumers who have been subjected to unfair practices by third-party debt collectors to recover damages, attorney fees, and costs. 15 U.S.C. § 1692k(a). The purpose of the statute is "to eliminate abusive debt collection practices," and "to insure that those debt collectors who refrain from using [such] practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

This inquiry turns on the meaning of the term "debt" under the FDCPA. The statute defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes...." 15 U.S.C. § 1692a(5). The Act's legislative history explicitly provides: "This bill applies only to debts contracted by consumers for personal, family, or household purposes; it has no application to the collection of commercial accounts." S.Rep. No. 95–382, at 3 (1977), 1977 U.S. Code Cong. & Admin.News 1695.

With these precepts as guidance, the Court finds this debt transaction falls well beyond the ambit of the FDCPA. The parties acknowledge that the debt was incurred for a credit card processing device. It is clear from the plain language of the FDCPA that it covers "transaction[s] primarily for personal, family, or household purposes." A credit card processing unit is simply not used primarily for personal, family, or household purposes; accordingly, the underlying debt here is not covered by the statute. Even if plaintiff's credit card was used to purchase the device, the true nature of the debt cannot be contorted. It is not a personal debt; therefore, it is not covered by the statute. *Bloom v. I.C. System, Inc.,* 972 F.2d 1067 (9th Cir.1992) (transactions that are not for personal, family, or household purposes are not debts under the FDCPA).

The plaintiff makes much of the fact that collection letters were sent to her home. Her concern is misplaced. Letters delivered to her home do not change Congress's explicit words. The plaintiff offers two cases to support her view of these letters: *Dutton v. Wolhar,* 809 F.Supp. 1130 (D.Del.1992) and *Creighton v. Emporia Credit Service, Inc.,* 981 F.Supp. 411 (E.D.Va.1997). The cases are distinguishable. In each, the debt was personal, not commercial. Each debt fell squarely within the FDCPA's terms. Plaintiff also cites *Moore v. Principal Credit Corporation,* 1998 WL 378387 (N.D.Miss.1998). In *Moore,* it is unclear whether the obligation for computer programs was incurred for personal or business use. However, the *Moore* court concluded that even if the

debt had been business related, collection calls to a home converted the debt, placing it within the FDCPA's reach. This Court is not persuaded by this reasoning. First, this bill is certainly for a business device, and second, if a communication to the debtor's home converted any commercial debt into an obligation under the FDCPA, it would be tantamount to an amendment of the clear intent of Congress.

The Eighth Circuit has not spoken to this particular issue. It has, however, considered the FDCPA's definition of debt as applied to dishonored checks. In this context, the Eighth Circuit Court of Appeals has recognized that the FDCPA applies to obligations arising out of a "consumer transaction." *Duffy v. Landberg,* 133 F.3d 1120, 1123 (8th Cir.1998). Also, there is a line of cases holding various transactions as commercial obligations, and therefore, beyond the FDCPA's reach. See *Beggs v. Rossi,* 994 F.Supp. 114 (D.Conn.1997) (personal property taxes not debt under FDCPA); *First Gibraltar Bank, FSB v. Smith,* 62 F.3d 133 (5th Cir.1995) (debt for a commercial transaction, and therefore, not debt as defined by federal law); *Bloom v. I.C. System, Inc.,* 972 F.2d 1067 (9th Cir.1992) (loan to a friend not consumer debt under FDCPA where loan is made for a business purpose).

The parties agree this debt was for commercial equipment. The Court finds that the debt falls beyond the ambit of the personal debt obligations covered by the FDCPA. Accordingly, plaintiff's claim, premised on the FDCPA, fails to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), and is hereby dismissed with prejudice.

IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.