# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2005

(Argued: January 13, 2006                           Decided: April 12, 2006

Docket No. 05-2645-cv          Errata Filed: May 16, 2006)


LESLIE GOLDMAN,

*Plaintiff-Appellee,*

v.

JEFFREY F. COHEN,

*Defendant-Appellant.*

Before: CABRANES and SACK, *Circuit Judges,* and AMON, *District Judge.*[*]

We consider here whether the District Court (Lawrence M. McKenna, *Judge*) erred in concluding that a consumer debt collector's initiation of a lawsuit in state court seeking recovery of unpaid rent is an "initial communication" within the meaning of the Fair Debt Collection Practices Act, thereby requiring a consumer debt collector to provide "validation notices" in accordance with 15 U.S.C. § 1692g(a).

Affirmed.

> MATTHEW K. FLANAGAN, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, *for Defendant-Appellant.*
>
> ROBERT K. SOKOLSKI, Sokolski & Zekaria, P.C., New York City, NY, *for Plaintiff-Appellee.*


JOSÉ A. CABRANES, *Circuit Judge*:

---

[*] The Honorable Carol B. Amon, United States District Judge for the Eastern District of New York, sitting by designation.

We consider here, as a matter of first impression in our Circuit, whether a consumer debt collector's initiation of a lawsuit in state court seeking recovery of unpaid rent is an "initial communication" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (the "FDCPA"), thereby requiring a debt collector to provide "validation notices" in accordance with 15 U.S.C. § 1692g(a).

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Specifically, the Act requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," a debt collector must send the consumer a written notice containing:

(1)     the amount of the debt;

(2)     the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification of judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). These provisions are often referred to as the FDCPA's "validation notice"

requirements.[1]

In June 2000, Defendant-Appellant Jeffrey F. Cohen, who is an attorney, was retained by 55th Management Corporation, a landlord, to initiate nonpayment proceedings against its tenant, Plaintiff-Appellee Leslie Goldman. On June 30, 2000, Cohen filed a petition in the Civil Court of the City of New York for New York County, seeking recovery of $13,030.52 in back rent and at least $3,000 in attorneys' fees. *See Goldman v. Cohen*, No. 01-cv-5952 (LMM), 2004 U.S. Dist. LEXIS 25517, at *3 (S.D.N.Y. Dec. 17, 2004). On June 29, 2001, Goldman brought suit in the United States District Court for the Southern District of New York (Lawrence M. McKenna, *Judge*) under the FDCPA, alleging that Cohen's notice of petition and petition constituted an "initial communication" that was "'completely devoid of any of the litany of warnings and notices required by 15 U.S.C. § 1692g.'" *Id.* at *4 (quoting Compl. ¶ 16).[2]

The District Court determined that "the applicable law supports the conclusion that a legal pleading, Cohen's petition in this case, is a 'communication' that must comply with the FDCPA's provisions. Since Cohen failed to provide Goldman with the § 1692g validation notice at the time of, or within five days of, serving Goldman with the notice of petition (the 'initial communication' in this case), Cohen violated the FDCPA." *Goldman*, 2004 U.S. Dist. LEXIS 25517, at *23-*24.

On appeal, Cohen argues that, as a matter of statutory construction, the District Court erred in interpreting the phrase "initial communication" in the FDCPA to include legal pleadings because

---

[1] The term "debt" as defined under the FDCPA refers to "*any obligation of a consumer* to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are *primarily for personal, family, or household purposes*." 15 U.S.C. § 1692a(5) (emphasis added). Accordingly, actions arising out of commercial debts are not covered by the protective provisions of the FDCPA. *See, e.g., First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133, 135-36 (5th Cir. 1995).

[2] In the proceeding before the District Court, Goldman also claimed that Cohen violated 15 U.S.C. § 1692e by misstating the amount of attorneys' fees owed. Because the District Court concluded that there was an issue of fact with regard to whether this fee calculation was false, it denied both Cohen's motion for summary judgment and Goldman's cross-motion for summary judgment on this issue. *See Goldman*, 2004 U.S. Dist. LEXIS 25517, at * 33. Neither party appeals the District Court's ruling on this question; accordingly, we do not here address § 1692e.

the purpose of the FDCPA was to "'curb abusive debt collection practices, not legal actions.'" Br. of Def.-Appellant at 8 (quoting *McKnight v. Benitez*, 176 F. Supp. 2d 1301, 1306 (M.D. Fla. 2001)). Cohen further contends that the District Court's reading will not only "creat[e] confusion for consumers" who must comply with two timetables—one set forth under the FDCPA and another established by state rules governing litigation—but will also "infring[e] on the states' rights to establish the rules governing litigation in their own courts" and create obstacles to the service of process where creditors are aware that debtors are represented by an attorney. *Id.* at 8, 17-18.

We review *de novo* a district court's grant of summary judgment, drawing all reasonable inferences in favor of the opposing party, who in this case was Cohen. *See, e.g., Konits v. Valley Stream Cent. High Sch. Dist.*, 394 F.3d 121, 124 (2d Cir. 2005); *Carney v. Thilippone*, 332 F.3d 163, 167 (2d Cir. 2003).

Upon our review of the record, we hold that a consumer debt collector's initiation of a lawsuit in state court seeking recovery of unpaid consumer debts is an "initial communication" within the meaning of the FDCPA. Our conclusion is based on several considerations. First, the plain language of the FDCPA broadly defines "[t]he term 'communication' [as] the conveying of information regarding a debt directly or indirectly to any person *through any medium*." 15 U.S.C. § 1692a(2) (emphasis added). "The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enters., Inc.* 489 U.S. 235, 242 (1989) (internal quotation marks and brackets omitted). Here, the plain meaning of the FDCPA is entirely consistent with Congress's goal of preventing what it characterized as "serious and widespread" debt collection abuses. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996) (citing S. Rep. No. 95-382, 95th Cong., 1st Sess. 1977, reprinted in 1977 U.S.C.C.A.N. 1695, 1697). Indeed, any construction of the FDCPA that exempted state legal proceedings from the definition of "initial

4

communication" would permit debt collectors to avoid the validation notice requirements of the statute simply by collecting debts through the medium of litigation.

Second, the Supreme Court held in *Heintz v. Jenkins*, 514 U.S. 291 (1995), that the term "debt collector," as defined in the FDCPA, 15 U.S.C. § 1692a(6), encompasses "lawyer[s] who regularly tr[y] to obtain payment of consumer debts *through legal proceedings*." *Id.* at 294 (emphasis added). The Court thus concluded that "the [FDCPA] applies to attorneys who 'regularly' engage in consumer-debt-collection activity, *even when that activity consists of litigation*." *Id.* at 299 (emphasis added). Although Congress has since amended another section of the FDCPA to clarify that certain disclosure requirements (other than those specified in § 1692g(a)) do not apply "to a formal legal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11),[3] we agree with the District Court's assessment that "[t]his section's express exclusion of a legal pleading from the scope of the term 'communication' implies the drafters' understanding that the term 'communication' would otherwise include legal pleadings," *Goldman*, 2004 U.S. Dist. LEXIS 25517, at *9. *See also Alger v. Ganick, O'Brien, & Sarin*, 35 F. Supp. 2d 148, 158 n.18 (D. Mass 1999) (noting that Congress's 1996 amendment to § 1692e(11) "evidences an intent and an awareness that the FDCPA otherwise encompasses litigation activity"). Accordingly, we hold that the District Court did not err in concluding that "in those portions of the statute that mention 'communication' without expressly

---

[3] 15 U.S.C. § 1692e(11), provides, in relevant part, that a debt collector violates the FDCPA through

[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, *except that this paragraph shall not apply to a formal pleading made in connection with a legal action*.

(emphasis added).

excluding legal pleadings"—such as § 1692g(a)—"legal pleadings are included."[4]  *Goldman*, 2004 U.S. Dist. LEXIS 25517, at *9.

Third and finally, we recognized in *Romea v. Heiberger & Associates*, 163 F.3d 111 (2d Cir. 1998), that a letter to a tenant threatening to initiate summary eviction proceedings unless the tenant paid back rent constituted a "communication" for purposes of the FDCPA.  *Id.* at 116-18.  The fact that the letter "also served as a prerequisite to commencement of the Article 7 [of the New York Real Property Actions and Proceedings Law] process" was deemed "wholly irrelevant to the requirements and applicability of the FDCPA" because the "aim in sending the letter was at least in part to induce [the tenant] to pay the back rent she allegedly owed."  *Id.* at 116.  In *Romea*, we considered the FDCPA's "process server exemption" and concluded that "[i]f Congress had wanted to exempt any document that was served on the consumer, rather than just the delivery of such a document, it presumably would have adopted language akin to that in § 1692e(11), *which exempts 'a formal pleading made in connection with a legal action' from certain, but not all, of the FDCPA's disclosure requirements.*"  *Id.* at 117 n.7 (emphasis added).

For the foregoing reasons, we hold that the District Court did not err in concluding that Cohen's initiation of a lawsuit in state court seeking recovery of back rent and attorneys' fees was an "initial communication" within the meaning of § 1692g(a).  In so holding, we join at least one sister circuit.  *See Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914 (7th Cir. 2004) (*en banc*), *rev'g* 354 F.3d 696 (7th Cir. 2004).  In *Thomas*, the Court of Appeals for the Seventh Circuit, convened *en banc*, held that a debt collector's initiation of a lawsuit constitutes an "initial communication" for purposes

---

[4] We further note that congressional committees have, on at least two occasions, considered—but not referred to the entire Congress—legislative amendments to the FDCPA that would have specifically exempted legal pleadings from the Act's definition of "communications" and from its validation notice provisions.  *See* H.R. 3066, 108th Cong. (2003), 2003 Bill Tracking H.R. 3066 (referred to the House Subcommittee on Financial Services Sept. 10, 2003); H.R. 1059, 105th Cong. (1997), 1997 Bill Tracking H.R. 1059 (referred to the House Banking and Financial Services Committee March 13, 1997).

of the FDCPA. *See also Sprouse v. City Credits Co.*, 126 F. Supp.2d 1083, 1089 n.8 (S.D. Ohio 2000) ("A lawsuit initiated to collect debts is certainly included within th[e] definition [of 'communication' in 15 U.S.C. § 1692a(2)]."). *But see Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003) (holding that initiation of a lawsuit does not constitute an "initial communication").[5]

In cases where debt collectors send debtors a validation notice either along with a summons and complaint or shortly thereafter,[6] we recognize the risk that some debtors will become confused. To avoid such confusion, it is imperative that a debt collector (1) "make clear that the advice contained in the § 1692g validation notice in no way alters the debtor's rights or obligations with respect to the lawsuit" and (2) "emphasiz[e] that courts set different deadlines for filings." *Thomas*, 392 F.3d at 919. We therefore join the Seventh Circuit in exhorting debt collectors who choose to send § 1692g validation notices along with paperwork initiating legal proceedings to send debtors a notice, such as one containing the following language, that will ensure compliance with the FDCPA while only minimally disrupting the litigation process:

> This advice pertains to your dealings with me as a debt collector. It does not affect your dealings with the court, and in particular it does not change the time at which you must answer the complaint [or other legal pleading]. The summons is a command from the court, not from me, and you must follow its instructions even if you dispute the validity or amount of the debt. The advice in this letter also does not affect my relations with the court. As a lawyer, I may file papers in the suit according to the court's rules and the judge's instructions.

---

[5] We note that in reaching its decision that a legal pleading is not a "communication" within the meaning of the FDCPA, the Eleventh Circuit relied upon a Staff Commentary of the Federal Trade Commission which had been superseded. *Vega*, 351 F.3d at 1337 (discussing Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,108 (Fed. Trade Comm'n Dec. 13, 1988)). A Commission advisory opinion issued in March 2000 explicitly repudiated that Staff Commentary in light of the Supreme Court's decision in *Heintz*, and held that a formal legal pleading which conveyed information about a debt would indeed constitute a communication within the scope of the FDCPA. *See* American Collectors Association, Commission Advisory Opinion (Federal Trade Commission March 31, 2000), *available at* http://www.ftc.gov/os/2000/04/fdcpaadvisoryopinion.htm.

[6] As the Seventh Circuit observed, "[a] debt collector need not make the summons and complaint its first communication with the debtor; rather, it can have its initial communication with the debtor upwards of 30 days before it intends to initiate litigation." *Thomas*, 392 F.3d at 919. One advantage to this approach is that a debtor's decision to contest a particular debt—which must occur within 30 days of the debtor's receipt of the validation notice, *see* 15 U.S.C. § 1692g(b)—would not interfere with any pending litigation.

*Id.* at 919-20.

## CONCLUSION

In sum, we hold that

(1)     a consumer debt collector's initiation of a lawsuit in state court seeking recovery of unpaid consumer debts is an "initial communication" within the meaning of the Fair Debt Collection Practices Act;

(2)     the District Court correctly entered judgment for Goldman on the basis that Cohen failed to provide, within the requisite time period, "validation notices" in accordance with 15 U.S.C. § 1692g(a); and

(3)     debt collectors choosing to send § 1692g validation notices along with paperwork initiating legal proceedings should ensure that their validation notices (a) advise the debtor that the § 1692g notice in no way alters the debtor's rights or obligations with respect to the legal proceedings and (b) emphasize that courts set deadlines for filings that may differ from the deadlines set forth under the FDCPA.

*        *        *        *

We have reviewed Cohen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.