15-2311-cv
*Scarola v. McCarthy, Burgess & Wolff*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand sixteen.

PRESENT:
> BARRINGTON D. PARKER,
> DENNY CHIN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SCAROLA MALONE & ZUBATOV LLP,
> *Plaintiff,*

RICHARD J.J. SCAROLA,
> *Plaintiff-Appellant,*

> v.                                                          15-2311-cv

MCCARTHY, BURGESS & WOLFF,
> *Defendant-Appellee,*

VERIZON COMMUNICATIONS, INC.,
> *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:   RICHARD J.J. SCAROLA, Alexander Zubatov, Scarola Malone & Zubatov LLP, New York, New York.

FOR DEFENDANT-APPELLEE:   CONCEPCION A. MONTOYA, Kyle M. Medley, Hinshaw & Culbertson LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the memorandum and order of the district court is **AFFIRMED**.

Plaintiff-appellant Richard J.J. Scarola ("Scarola") appeals a June 24, 2015 memorandum and order of the United States District Court for the Southern District of New York dismissing his claims. The district court granted the motion of defendant-appellee McCarthy, Burgess & Wolff ("MBW") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Scarola's Fair Debt Collection Practices Act ("FDCPA") claim, 15 U.S.C. § 1692 *et seq.*, on the ground that the alleged debt was not covered by the FDCPA because it arose from a commercial and not a consumer transaction.[1] The district court then declined to exercise supplemental jurisdiction over

---

[1] The district court did not enter a separate judgment dismissing the action as required by Fed. R. Civ. P. 58(a). When a judgment is required to be set out in a separate document but is not, judgment is deemed entered 150 days after the entry of the dispositive order. Fed. R. Civ. P. 58(c)(2)(B). Despite the lack of a judgment, this Court has jurisdiction to hear the appeal of the order, which was a "final decision" within the meaning of

the state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, "accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). "[N]aked assertion[s]" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the FDCPA protects consumers from "abusive debt collection practices," 15 U.S.C. § 1692(e), it "applies only in instances where a debt collector attempts to collect a 'debt' within the meaning of the Act," *Degrosiellier v. Solomon & Solomon, P.C.*, No. 00-CV-1065, 2001 WL 1217181, at *3 (N.D.N.Y. Sept. 27, 2001) (citing 15 U.S.C. § 1692c-j). Under the statute, "debt" is defined as "any obligation or *alleged obligation* of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*." 15 U.S.C. § 1692a(5) (emphases added). "What matters in the context of an FDCPA claim is the asserted basis for the obligation to pay." *Beauvoir v. Israel*, 794 F.3d 244, 248 (2d Cir. 2015) (internal quotation marks omitted).

---

28 U.S.C. § 1291. *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 66-67 (2d Cir. 2011) (finding this Court has jurisdiction to review a "final decision"—"one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945))).

The FDCPA does not cover "actions arising out of commercial debts." *Goldman v. Cohen*,

445 F.3d 152, 154 n.1 (2d Cir. 2006).

Here, as alleged in the second amended complaint (designated by

plaintiffs as the "Further Amended Complaint") (hereinafter, the "Complaint"), the

alleged debt arose from purported transactions related to a business telephone account

of the law firm Scarola Malone & Zubatov LLP ("SMZ"). Clearly, this was not an

account used "primarily for personal, family, or household purposes." Accordingly, to

the extent that the alleged debt, whether actually owed or mistakenly assessed, stems

from telecommunications services provided by Verizon to SMZ, the claim arises out of a

commercial transaction and is not covered by the FDCPA. *Goldman*, 445 F.3d at 154 n.1;

*see also Goldsmith v. HSW Financial Recovery, Inc.*, 757 F. Supp. 2d 95, 98-99 (D.N.H. 2010)

(attempt to collect from individual on a non-existent debt obligation alleged to have

arisen from a commercial lease was not for personal, family, or household purposes,

and therefore not covered under the FDCPA).

In an effort to bring these claims under the FDCPA, Scarola alleges in the

Complaint that MBW attempted to collect alleged debts for payment of bills "of no

conceivable origin or basis" that must have arisen from a transaction that was "primarily

for personal, family or household purposes." Complaint ¶¶ 1, 16, 49-50. These

allegations, however, are mere conclusory statements not supported by facts from

which the inference could be reasonably drawn that collection efforts arose from a

4

consumer transaction. Accordingly, they are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678.

On appeal, Scarola argues that the Complaint could not be dismissed at the pleadings stage because the origin of the false debt "presents a question as to the true 'character' of the underlying events." Appellant's Br. at 25-27. This argument is without merit. Scarola did not include any factual allegations in his Complaint to support the inference that the amount in dispute arose from a consumer transaction, and, accordingly, he failed to state a claim upon which relief could be granted. *Cf. Davis v. Hollins Law*, 968 F. Supp. 2d 1072, 1080 (E.D. Cal. 2013) (material issue of fact existed where plaintiff alleged debt arising from personal charges on a business credit card). Again, he does not allege any transaction that was "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

Scarola also argues that in the circumstance where a disputed debt never actually existed and collection efforts were targeted at an individual, the alleged non-existent debt should be deemed to arise from a personal transaction. We reject this argument because it contradicts the plain language of the statute by attempting to define "consumer debt in accordance with the actions of the debt collector, rather than the true nature of the debt." *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1076 (9th Cir. 2001) (citing 15 U.S.C. § 1692a(5)); *see also Holman v. W. Valley Collection Servs., Inc.*, 60 F. Supp. 2d 935, 937 (D. Minn. 1999) ("[I]f a communication to the debtor's home converted

5

any commercial debt into an obligation under the FDCPA, it would be tantamount to an amendment of the clear intent of Congress.").

We have reviewed Scarola's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the memorandum and order of the district court dismissing Scarola's Complaint under Rule 12(b)(6).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk