2023 IL App (2d) 210635-U
No. 2-21-0635
Order filed September 19, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DZMITRY SKRABETS, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 20-AR-1621 |
| | ) | |
| TIKHVINSKIY LAW, LLC, | ) | Honorable |
| | ) | Robert E. Douglas, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*: Trial court did not err when it dismissed plaintiff's claim for violations of the Fair Debt Collections Practices Act (15 U.S.C. § 1692 *et seq.*) where plaintiff failed to allege facts to state that the money sought to be collected was a "debt" as defined by section 1692a(5). Trial court is affirmed.

¶ 2    Plaintiff, Dzmitry Skrabets, appeals the dismissal of his claim for violations of the Fair Debt Collections Practices Act (FDCPA) (15 U.S.C. § 1692 *et seq.*) against defendant, Tikhvinskiy Law, LLC. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4 In December 2020 plaintiff filed a complaint against defendant alleging violations of the FDCPA. Plaintiff alleged the following. Defendant is a law firm and "is regularly engaged in the business of collecting debts. *** The principal purpose of [d]efendant is the collection of debts using the mails, telephone, and [d]efendant regularly attempts to collect debts alleged to be due to another." Defendant is a "debt collector" as defined by section 1692a(6) of the Act. Plaintiff is a "consumer" as defined by section 1692a(3) of the Act. Defendant attempted to collect a debt allegedly owed by plaintiff. The debt arose out of a transaction involving a Mercedes-Benz Sprinter and fell within the definition of "debt" for purposes of section 1692a(5) of the FDCPA.

¶ 5 Plaintiff also alleged that defendant sent plaintiff a letter that was attached to the complaint. The letter was written on defendant's letter head and was signed by attorney, Maksim Tikhvinskiy. The letter "made a vague allegation that the transaction could have involved a commercial transaction," but defendant sent the letter to plaintiff's home address. No attorney reviewed or investigated plaintiff's account and no attorney was involved in plaintiff's matter. Defendant falsely raised the specter of potential legal action that it never intended to take. Later, defendant informed plaintiff that it did not represent the client, but defendant never "submitted any notice of withdrawal of representation."

¶ 6 Plaintiff's complaint alleged that defendant's debt collection letter violated: (1) section 1692e(3) of the FDCPA, which prohibits the false representation that any communication is from an attorney; (2) section 1692e(5) of the FDCPA, which prohibits threatening to take any action that is not intended to be taken; and (3) section 1692e(10) of the FDCPA, which prohibits any false representation or deceptive means to collect a debt. Plaintiff attached defendant's letter to the complaint. The letter was addressed to plaintiff and CargoBo Express at 174 Gregory St., Apt. A, Aurora, IL.

¶ 7 On April 2, 2021, defendant filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)). Defendant alleged that CargoBo Express was registered at plaintiff's home address. Defendant also alleged that plaintiff's wife, Liubou Skrabets, was the president of CargoBo Express, and that the letter was address to plaintiff as manager of CargoBo Express. Defendant attached the letter it sent to plaintiff and an Illinois Secretary of State document search that indicated that CargoBo Express's registered address was plaintiff's home address and that its president was Liubou Skrabets. Defendant argued that plaintiff's complaint failed to state a cause of action as defined by the FDCPA because plaintiff failed to provide or allege facts that (1) the debt at issue was a consumer debt, as required by the FDCPA and defined by section 1692a(5), and (2) defendant was a debt collector as required by the FDCPA and defined in section 1692a(6).

¶ 8 On April 12, 2021, the trial court granted plaintiff leave over defendant's objection to issue limited discovery as to defendant's FDCPA debt collection practices. Defendant provided answers to plaintiff's interrogatories wherein it answered, in part, that it did not engage in consumer debt collection. Defendant also answered that it never attempted to collect consumer debt.

¶ 9 On May 25, 2021, plaintiff filed his response to defendant's 2-615 motion to dismiss. Plaintiff argued that he properly pleaded that he was a "consumer" as defined by section 1692a(3) and that the debt fell within the definition of "debt" for purposes of section 1692a(5), because the debt arose out of an alleged transaction between three individuals that involved a Mercedes-Benz Sprinter vehicle. Plaintiff also argued that he properly pleaded that defendant was a "debt collector" because the complaint stated that defendant regularly engaged in the business of collecting debts alleged to be due to another and that the defendant was a debt collector. Plaintiff asserted that the demand letter on defendant's letterhead attached to the complaint established that

defendant attempted to collect a debt.

¶ 10    On June 15, 2021, defendant filed its reply in support of its renamed "2-619.1 motion to dismiss." Defendant argued that plaintiff understood that defendant's original motion argued for dismissal based on section 2-619 because defendant's motion was supported by documents outside the complaint. Defendant attached answers to interrogatories signed by Tikhvinskiy and dated May 18, 2021. Defendant also attached documents obtained by plaintiff through discovery. Defendant argued that it demonstrated that it was not a debt collector because zero percent of its practice was dedicated to debt collection and that the alleged debt was a commercial, rather than consumer, debt and, therefore, did not meet the definition of "debt" for purposes of the FDCPA.

¶ 11    Defendant attached to its reply an October 2020 letter from plaintiff's attorney to defendant that stated in part that "Tracums" was in possession of CargoBo Express's vehicle. Defendant also attached a November 2020 redacted "Motor Vehicle Theft" Addison police report wherein someone (redacted name) at their business office, CargoBo Express, stated that Ivan Tracums, an employee, took a delivery truck, a 2019 Mercedes-Benz Sprinter, on September 6, 2020. Tracums picked up a load in Normal Illinois, delivered it two days later in Nevada, and then the GPS was disconnected. On September 23, 2020, someone (redacted name) received a text message from Tracums asking for $21,000 to be transferred into his bank account. Someone (redacted name) stated that Tracums worked under the name Joker & Co. Tracums was not heard from again.

¶ 12    On June 23, 2021, the trial court dismissed plaintiff's complaint with prejudice pursuant to section 2-619. The same day, plaintiff filed a motion to reconsider, arguing that defendant's motion to dismiss failed to raise an affirmative defense. On October 22, 2021, the trial court denied plaintiff's motion to reconsider.

¶ 13    This timely appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15    At issue in this appeal is whether the dismissal of plaintiff's complaint was proper. Plaintiff argues that the trial court erred by dismissing his complaint pursuant to section 2-619 of the Code because defendant presented no affirmative matter to defeat his claim.

¶ 16    We need not consider plaintiff's arguments concerning section 2-619, because we determine that plaintiff's complaint failed to state a cause of action. Although the trial court based its dismissal of plaintiff's complaint on section 2-619 of the Code, we may affirm the dismissal of a complaint on any basis appearing in the record. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004). We consider whether plaintiff failed to state a cause of action as argued in defendant's motion to dismiss pursuant to section 2-615 of the Code.

¶ 17    A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint. *Dent v. Constellation NewEnergy, Inc.*, 2020 IL 126795, ¶ 25. In reviewing the sufficiency of the complaint, we take all well-pleaded facts as true and construe the allegations in the complaint in the light most favorable to the plaintiff. *Id.* But we do not accept as true mere conclusions unsupported by specific facts. *Better Government Ass'n v. Illinois High School Ass'n*, 2017 IL 121124, ¶ 57. In addition, a pleading that merely paraphrases the elements of a cause of action in conclusory terms is insufficient. *Paul v. County of Ogle*, 2018 IL App (2d) 170696, ¶ 34.

¶ 18    A cause of action should not be dismissed under section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover. *Id.* A court will consider all facts apparent from the face of the complaint, including any attached exhibits. *Id.* Matters contained in such exhibits that conflict with allegations of the complaint negate any contrary allegations of the complaint. *Tucker v. Soy Capital Bank & Trust Co.*, 2012 IL App 103303, ¶ 23.

We review *de novo* an order granting a section 2-615 motion to dismiss. *Village of Kirkland v. Kirkland Properties Holdings Co., LLC I*, 2023 IL 128612, ¶ 45.

¶ 19    Plaintiff's claims arise under the FDCPA, which was passed to eliminate abusive, deceptive, unfair debt collection practices by debt collectors and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a), (e) (2020). See also *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (3d) 121700, ¶ 31 (citing same).

¶ 20    The FDCPA is a federal statute. "In construing a federal statute, we generally look to federal decisions for [their] interpretation of the statutory provisions." *Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135, 142 (2006). Accordingly, "[w]hen interpreting federal statutes, we look to the decisions of the United States Supreme Court and federal circuit and district courts." *State Bank of Cherry v. CGB Enterprises, Inc.*, 2013 IL 113836, ¶ 33. Our supreme court has instructed that United States Supreme Court interpretation of federal law "is clearly binding" on Illinois courts. *Id.* However, "in the absence of a United States Supreme Court decision, the weight this court gives to federal circuit and district court interpretations of federal law depends on factors such as uniformity of law and the soundness of the decisions." *Id.* "While we are bound only by the United States Supreme Court, if the lower federal courts are uniform on their interpretation of a federal statute, this court, in the interest of preserving unity, will give considerable weight to those courts' interpretations of federal law and find them to be highly persuasive. [Citation.] However, if the federal courts are split, we may elect to follow those decisions we believe to be better reasoned." (Emphases in original.) *State Bank of Cherry*, 2013 IL 113836, ¶ 34.

¶ 21    The FDCPA protects debtors in connection with the collection of certain debts but not others. To recover under the FDCPA a plaintiff must make a threshold showing that the money being collected qualifies as a "debt" pursuant the FDCPA. *Oppenheim v. I.C. Sys., Inc.*, 627 F. 3d

833, 836-37 (11th Cir. 2010). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money [or] property *** are primarily for *personal, family, or household purposes*." (Emphasis added.) *Aurora Loan Services, LLC*, 2013 IL App (3d) 121700, ¶ 31 (quoting 15 U.S.C. § 1692a(5)). Therefore, the FDCPA does not cover actions arising out of commercial debts. *Goldman v. Cohen*, 445 F. 3d 152, 154 n.1 (2d Cir. 2006), *superseded by statute on other grounds as stated in Carlin v. Davidson Fink LLP*, 852 F. 3d 207, 212-13 (2d Cir. 2017).

¶ 22    Here, plaintiff's complaint alleges that the transaction at issue falls within the definition of "debt" for purposes of section 1692a(5). However, we need not accept plaintiff's conclusory assertion that the transaction qualifies as a "debt" because it is unsupported by specific facts. See *Ash v. PSP Distribution, LLC*, 2023 IL App (1st) 220151, ¶ 19 (a court will not admit conclusory allegations or conclusions of law not supported by specific facts contained in a complaint).

¶ 23    Plaintiff also alleges that the debt does not involve a commercial transaction because defendant sent the demand letter to his home address. However, an alleged debt collector's treatment of an obligation is irrelevant to an inquiry regarding the nature of the obligation itself. *Slenk v. Transworld System, Inc.*, 236 F.3d 1072, 1076 (9th Cir.2001). Further, defendant's demand letter, attached to plaintiff's complaint as "Exhibit A," negates any allegation that the debt qualifies as a "debt" as defined by section 1692a(5) of the FDCPA. Defendant's letter is addressed to "Dzmitry Skrabets[,] CargoBo Express" and states that it is regarding "Ivans Tracums[,] Joker & Co[.]" The letter states:

"My client, Mr. Tracums contracted with you and your company to deliver loads. You agreed to send 50% of all gross revenue receipts to Mr. Tracums. However, in violation of all legal and contractual obligations you failed to do that and has [*sic*] not yet paid the

amount of $18,670.00 to Mr. Tracums. Additionally, Mr. Tracums transferred to you $3,000.00 to be paid as a down payment for [a] Mercedes-Benz Sprinter. You did not pay any down payments and has [*sic*] no legal justification in keeping $3,000.00. Thus, the total amount that you owe own to Mr. Tracums is $21,670.00."

¶ 24 "Exhibit A" on its face is inconsistent with and negates plaintiff's allegation that the transaction falls within the definition of a "debt" for purposes of section 1692a(5). The letter is addressed to plaintiff and "your company." It then discusses a contract to "deliver loads" and payment of "50% of gross revenue receipts." "Exhibit A" reveals that plaintiff's purported obligation arose out of a transaction that was primarily for commercial or business purposes, and not "primarily for personal, family, or household purposes." (Emphases added.) *Aurora Loan Services, LLC*, 2013 IL App (3d) 121700, ¶ 31 (quoting 15 U.S.C. § 1692a(5)). Because defendant's letter, referenced in and attached to the complaint, belies the allegations upon which plaintiff's FDCPA is premised, the trial court properly dismissed plaintiff's complaint.

¶ 25 We conclude that plaintiff's complaint, stripped of its allegations that are legally deficient (conclusory), is inconsistent with the attached letter from defendant; therefore, the complaint fails to state a cause of action as a matter of law, and we affirm the trial court's order dismissing it.

¶ 26 III. CONCLUSION

¶ 27 For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 28 Affirmed.