Brian BEGGS and Jennifer Beggs, Plaintiffs–Appellants,

v.

Robert V. ROSSI; Leslie Marcarelli and Rossi Law Ofcs., Ltd., Defendants–Appellees.

Docket No. 97–9438.

United States Court of Appeals, Second Circuit.

Argued April 28, 1998.

Decided May 27, 1998.

Joanne S. Faulkner, New Haven, CT, for Plaintiffs–Appellants.

Christopher L. Slack, Gordon, Muir & Foley, LLP, Hartford, CT, for Defendants–Appellees.

Before: VAN GRAAFEILAND, MESKILL, and CABRANES, Circuit Judges.

PER CURIAM:

■ Plaintiffs Brian and Jennifer Beggs are former residents of the Town of Exeter, Rhode Island, who moved to Connecticut in 1989. Defendants, who run a consumer debt collection service, contacted plaintiffs on behalf of the Town of Exeter and sought to collect personal property taxes levied upon plaintiffs' automobiles by the Town. Plaintiffs brought this action alleging that certain debt collection practices undertaken by defendants violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–110a. The United States District Court for the District of Connecticut (Robert N. Chatigny, Judge), adopting the recommended ruling of Magistrate Judge Donna F. Martinez, held that the personal property tax obligations at issue in this case do not constitute "debts" within the meaning of the FDCPA, and that defendants' efforts to collect plaintiffs' tax obligations are therefore not covered under that Act. Having dismissed the FDCPA cause of action for failure to state a claim upon which relief could be granted, the district court declined to exercise supplemental jurisdiction over the remaining state law claim. We affirm, substantially for the reasons stated by the district court in its opinion reported at 994 F.Supp. 114 (D.Conn. 1997).

The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). In determining that the personal property taxes at issue in this case are not "debts" within the meaning of the FDCPA, the district court relied principally upon the decision of the Court of Appeals for the Third Circuit in Staub v. Harris, 626 F.2d 275 (3d Cir.1980). In Staub, the Third Circuit held that "at a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value. The relationship between taxpayer and taxing authority does not encompass that type of pro tanto exchange which the statutory definition envisages." Id. at 278. We agree with the district court that Staub is persuasive authority and is dispositive in this case.

Plaintiffs attempt to distinguish Staub on the ground that, unlike the "per capita tax" at issue in that case, in the instant case the "personal property tax [at issue here] is an excise tax, quintessentially a transaction-based tax, such as stamp taxes, stock transfer taxes, alcohol or tobacco taxes." However, as the district court observed, the tax is not levied upon the purchase or registration of the vehicle per se, but rather upon the ownership of the vehicle by the citizen. See Beggs v. Rossi, 994 F.Supp. 114, 117–18 (D.Conn. 1997). There is simply no "transaction" here of the kind contemplated by the statute.

■ We note that the Federal Trade Commission ("FTC"), in its policy statement interpreting the FDCPA, has concluded that "[t]he term [debt] does not include: unpaid taxes." Federal Trade Commission, Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50102 (Dec. 13, 1988). Although such FTC policy statements are not entitled to conclusive weight in the courts, we accord them "due weight." Newman v. Boehm, Pearlstein & Bright, Ltd., 119 F.3d 477, 481 n. 2 (7th Cir.1997). We see no reason to disagree with the FTC's interpretation of the FDCPA,

which accords with the plain meaning of the statute.

For the foregoing reasons, the judgment of the district court is affirmed.