DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the January 25, 2007 judgment of the Lucas County Court of Common Pleas, which denied the motion of appellant, John E. Diefenbaugh, to vacate the judgment of the court. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant, acting pro se, asserts the following assignments of error on appeal: *Page 2 
 {¶ 2} I. The trial court erred by finding that appellee complied with R.C. 5447.13 when it filed an uncertified document captioned as a praecipe.
 {¶ 3} II. The trial court erred by failing to address the noncompliance with the Fair Debt and Collections Practices Act.
 {¶ 4} On September 29, 2006, the State of Ohio, Department of Taxation, sought a judgment against appellant pursuant to R.C.5747.13(C) by filing a document with the Lucas County Clerk of Courts on August 12, 2005. The document was labeled as a "Precipe" and signed by the tax commissioner, who certified that the personal income tax assessment against appellant had become final by operation of law. The document filed was a copy of a certified document. Collection of the assessment had been assigned to Michael D. Linn, an attorney appointed as Special Counsel for the state. Judgment was entered against appellant pursuant to the statute. The state then began proceedings to garnish the property of appellant to satisfy the unpaid tax assessment.
 {¶ 5} Appellant moved to vacate the prior judgment based upon defenses of lack of due process, subject matter jurisdiction, and fraud. The trial court denied the motion. Appellant then sought an appeal to this court.
 {¶ 6} Our standard of review of an appeal from the denial of a Civ.R. 60(B) motion is whether the trial court abused its discretion. State exrel. Russo v. Deters, 80 Ohio St.3d 152, 153, 1997-Ohio-351. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs., *Page 3 72 Ohio St.3d 464, 464-465, 1995-Ohio-49. Furthermore, "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus.
 {¶ 7} On appeal, appellant asserts in his first assignment of error that the trial court erred by holding that the filing of an uncertified document label as a "Precipe" met the requirements of R.C. 5747.13 to file a certified copy of the tax commissioner's entry making the tax assessment final.
 {¶ 8} R.C. 5747.13(C) provides that:
 {¶ 9} "(C) After an assessment becomes final, if any portion of the assessment remains unpaid, including accrued interest, a certified copy of the tax commissioner's entry making the assessment final may be filed in the office of the clerk of the court of common pleas in the county in which the employer's, taxpayer's, or qualifying entity's place of business is located or the county in which the party assessed resides. * * *.
 {¶ 10} "Immediately upon the filing of the entry, the clerk shall enter a judgment against the party assessed in the amount shown on the entry. * * * Execution shall issue *Page 4 
upon the judgment upon the request of the tax commissioner, and all laws applicable to sales on execution shall apply to sales made under the judgment."
 {¶ 11} We agree with the trial court that the document filed was sufficient because it certified that a final assessment had been made against appellant. It was not necessary that the original certified document be filed. A copy was sufficient. Therefore, appellant's first assignment of error is not well-taken.
 {¶ 12} In his second assignment of error, appellant argues that the trial court erred by not addressing appellant's argument that the Fair Debt and Collection Practices Act ("FDCPA") applied to this case. Appellant asserts that the trial court did not have subject matter jurisdiction in this case because appellant invoked the provisions of this Act (15 U.S.C.A. Sec. 1692g(b)) and appellee failed to respond within 30 days as required by the law.
 {¶ 13} We disagree. The FDCPA governs the collection of consumer debts, which are defined at 15 U.S.C.A. Sec. 1692a as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Based upon this language, we find that a personal income tax obligation is not a consumer debt. Accord, In re Westberry (C.A.6, 2000), 215 F.3d 589, 591-593 (taxes are not considered to be consumer debt for bankruptcy law purposes and the *Page 5 
definition of consumer debt is derived from the consumer protection laws); Pollice v. National Tax Funding, L.P. (C.A.3, 2000),225 F.3d 379, 400-403 (property tax obligations are not consumer debt); Beggs v.Rossi (C.A.2, 1998), 145 F.3d 511, 512 (personal property taxes are not debt as defined by the FCDPA); and Staub v. Harris (C.A.3, 1980), 626 F.2d 275, 278 (per capital tax is not a debt as defined by the FCDPA). Therefore, the FCDPA was not applicable to this case and the trial court did not err by failing to address appellant's claim. Appellant's second assignment of error is not well-taken.
 {¶ 14} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., Concur. *Page 1