Deborah ORENBUCH, Plaintiff,

v.

LEOPOLD, GROSS, & SOMMERS, P.C., Defendant.

No. 08–CV–2027 (ADS)(ARL).

United States District Court, E.D. New York.

Nov. 19, 2008.

Kleinman, LLC, by Abraham Kleinman, Esq., of Counsel, Uniondale, NY, for Plaintiff.

Milber Makris Plousadis & Seiden, LLP, by Susan J. Stromberg, Esq., of Counsel, Woodbury, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On May 20, 2008, Deborah Orenbuch ("the Plaintiff") commenced this action against Leopold, Gross & Sommers, P.C. ("the Defendant") asserting, among other claims, that the Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by mailing her a letter on behalf of her former employer seeking the repayment of overpaid salary. On July 3, 2008, the Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the complaint fails to state a claim because the overpaid salary is not a "debt" within the meaning of the FDCPA.

## I. BACKGROUND

Acting on behalf of it client, the City of New York, the Defendant law firm sent a letter to the Plaintiff, a former City employee, informing her that the City believed it had overpaid salary to her in the amount of $2,042.77. The letter stated that the Plaintiff was required to repay this amount by check or money order made payable to the City of New York. The letter also noted that it was from a "debt collector ... attempt[ing] to collect a debt," and recited language required by the FDCPA apprising the Plaintiff of her ability to dispute the debt. Further, the letter requested that the Plaintiff contact the Defendant "at once" if she intended to dispute the debt.

The Plaintiff disputed and sought verification of the debt by contacting the Defendant in writing within the 30 day time period specified in the letter. The Defendant responded by letter on May 5, 2008 requesting that the Plaintiff contact them to discuss the matter. However, fifteen days later, the Plaintiff commenced this lawsuit asserting, in addition to various state law claims, that the Defendant violated the FDCPA by requesting that she contact them "at once" before having provided her with some verification of the overpaid salary.

## II. DISCUSSION

### A. The Motion to Dismiss Standard

In considering a 12(b)(6) motion to dismiss, " '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir.2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). In this regard, the Court must "accept all of the plaintiff's factual allegations in the

complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir.2005); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999).

A complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Second Circuit has interpreted *Twombly* to require that a complaint "allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir.2007).

**B. As to the Defendant's Motion to Dismiss**

 "The purpose of the FDCPA is to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices." *Meselsohn v. Lerman*, 485 F.Supp.2d 215, 218 (E.D.N.Y.2007). Here, the Plaintiff contends that the Defendant violated the statute by requesting that she contact them "at once" before providing verification of the overpaid salary. The Defendant argues that the Plaintiff's complaint fails to state a claim because the overpaid salary at issue is not a debt within the meaning of the FDCPA.

The statute defines a "debt" as any "obligation ... of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes ..." 15 U.S.C. § 1692a(5). The Second Circuit has observed that "at a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value." *Beggs v. Rossi*, 145 F.3d 511, 512 (2d Cir. 1998) (quoting *Staub v. Harris*, 626 F.2d 275 (3d Cir.1980)). The statute's legislative history is, not surprisingly, bereft of any indication about whether overpaid salary constitutes a debt and there are no reported federal cases addressing the issue. Nevertheless, there are two Second Circuit cases that the Court finds illuminating.

In *Romea v. Heiberger & Assoc.*, 163 F.3d 111 (2d Cir.1998), a tenant brought suit against his landlord's law firm alleging that the firm's notice demanding back-rent violated the FDCPA. The defendant law firm argued, among other things, that the plaintiff's claim should be dismissed because back-rent was not a debt within the meaning of the FDCPA. The Court disagreed finding that back-rent was a debt for FDCPA purposes. The Court noted that "[b]ack rent by its nature is an obligation that arises only from the tenant's failure to pay the amounts due under the contractual lease transaction." *Id.* at 115. The Court also likened the payment of back-rent to the obligation arising from a dishonored check—a debt clearly within the purview of the FDCPA—"where a service has been rendered or goods [were] sold on the premise of immediate payment." *Id.*

By contrast, in *Beggs v. Rossi*, 145 F.3d 511, the Second Circuit found that personal property taxes are not debts within the meaning of the FDCPA. Relying in part on the Third Circuit's analysis in *Staub*, the Court found that, in the context of property taxes, "[t]here is simply no 'transaction' ... of the kind contemplated by the statute." Although the debt at issue here is distinct from the debts at issue in either *Beggs* or *Romea*, the Court

finds the Second Circuit's analysis in these two cases to be instructive. Here, unlike *Romea,* there was no consumer transaction that gave rise to the debt. The Plaintiff's debt arose, apparently, out of an accounting error when her former employer allegedly overpaid her $2,042.77 in salary. In the Court's view, this is not the type of debt contemplated by the FDCPA because the overpayment of salary was not a "transaction" within the meaning of the statute. Accordingly, the Plaintiff's FDCPA claim must be dismissed.

In addition to her claim under the FDCPA, the Plaintiff also asserts state law claims for negligence and deceptive business practices under N.Y. Gen. Bus. Law § 349. However, the Second Circuit has held that, "absent exceptional circumstances," where federal claims are dismissed pursuant to Rule 12(b)(6), courts should "abstain from exercising pendent jurisdiction." *Walker v. Time Life Films, Inc.,* 784 F.2d 44, 52 (2d Cir.1986). Having dismissed the Plaintiff's FDCPA cause of action, the Court, in its discretion, declines to exercise pendent jurisdiction over the Plaintiff's state law claims. *See Schroer v. Emil Norsic & Son, Inc.,* 2007 WL 4299180, at *4 (E.D.N.Y. Dec. 5, 2007) (declining to exercise jurisdiction over plaintiff's state law claims after having dismissed the plaintiff's FDCPA cause of action).

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Defendant's motion to dismiss the Plaintiff's FDCPA cause of action is **GRANTED,** and it is further

**ORDERED,** that the Plaintiff's state law claims are dismissed without prejudice, and it is further

**ORDERED,** that the clerk is directed to close this case.

**SO ORDERED.**