12-4422-cv
*Boyd v. J.E. Robert Co.*

# In the

# United States Court of Appeals

## For the Second Circuit

————

AUGUST TERM 2014
No. 12-4422-cv

JOAN GRANT BOYD, SYBIL TAYLOR, RANDA JONES, TONYA
WARTERS, on behalf of themselves and all others similarly
situated,
*Plaintiffs-Appellants,*

*v.*

J.E. ROBERT CO., INC., JER REVENUE SERVICES, LLC, NYCTL 1996-1
TRUST, NYCTL 1997-1 TRUST, NYCTL 1997-2 TRUST, NYCTL 1998-1
TRUST, NYCTL 1999-1 TRUST,
*Defendants-Appellees.*

————

Appeal from the United States District Court
for the Eastern District of New York.
No. 05-2455 (KAM) — Kiyo Matsumoto, *Judge.*

————

ARGUED: AUGUST 19, 2014
DECIDED: AUGUST 27, 2014

————

Before: CABRANES, STRAUB and LIVINGSTON, *Circuit Judges*.

————

      Plaintiffs-Appellants commenced this putative class action against defendants J.E Robert Co., Inc., JER Revenue Services, LLC, NYCTL 1996-1 Trust, NYCTL 1997-1 Trust, NYCTL 1998-1 Trust, and NYCTL 1999-1 Trust alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* ("FDCPA") and New York statutory and common law. Plaintiffs allege that defendants obtained unauthorized attorneys' fees and costs in connection with actions to foreclose liens on plaintiffs' properties arising out of unpaid municipal property taxes and water and sewer charges. The United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*) granted summary judgment for defendants on the FDCPA claims on the basis, *inter alia*, that the liens did not involve a "debt" as defined by the FDCPA. The Court then declined to exercise supplemental jurisdiction over the state law claims.

      We hold that liens for mandatory water and sewer charges imposed by New York City as an incident to property ownership, which are treated as akin to property tax liens, are not subject to the FDCPA because they do not involve a "debt" as that term is defined in the statute. We also hold that the District Court properly declined to exercise supplemental jurisdiction over the state law claims.

      Accordingly, we **AFFIRM** the October 2, 2012 and September 27, 2013 orders of the District Court.

————

                      PAUL STUART GROBMAN (Curtis V. Trinko, Law Offices of Curtis V. Trinko, LLP, New York, NY,

*on the brief*) Law Office of Paul Stuart Grobman, New York, NY, *for Plaintiffs-Appellants.*

JONATHAN DAVID ELLIOT, Zeldes, Needle & Cooper, P.C., Bridgeport, CT, *for Appellees J.E. Robert Co., Inc. and JER Revenue Services, LLC.*

DONNA B. MORRIS (Pamela S. Dolgow, Stephen Kitzinger, on the brief), on behalf of Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, *for Appellees NYCTL Trusts.*

_____

PER CURIAM:

Plaintiffs-Appellants Joan Grant Boyd and Randa Jones commenced this putative class action against J.E Robert Co., Inc. and JER Revenue Services, LLC (jointly, "JER"), and NYCTL 1996-1 Trust, NYCTL 1997-1 Trust, NYCTL 1998-1 Trust, and NYCTL 1999-1 Trust (jointly, the "Trust defendants" and, together with JER, "defendants") alleging that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* ("FDCPA") and New York statutory and common law. Plaintiffs allege that defendants obtained unauthorized attorneys' fees and costs in connection with actions to foreclose liens on plaintiffs' properties arising out of unpaid municipal property taxes and water and sewer charges. The District Court granted summary judgment for defendants on the FDCPA claims on the basis, *inter alia*, that the liens did not involve a "debt" as defined by the FDCPA. The Court then declined to exercise supplemental jurisdiction over the state law claims.

We hold that liens for mandatory water and sewer charges imposed by New York City as an incident to property ownership, which are treated as akin to property tax liens, are not subject to the FDCPA because they do not involve a "debt" as that term is defined in the statute. We also hold that the District Court properly declined to exercise supplemental jurisdiction over the state law claims.

Accordingly, we **AFFIRM** the September 27, 2013 and October 2, 2012 orders of the District Court.

## BACKGROUND

The claims on appeal relate to the foreclosure of liens on two real properties in the City of New York (the "City"): 480 Quincy Street, Brooklyn, New York, owned by Joan Grant Boyd (the "Boyd Property"); and 1459 Carroll Street, Brooklyn, New York, owned by Randa Jones (the "Jones Property" and, jointly with the Boyd Property, the "Properties"). Under New York law, the Properties are subject to property taxes, as well as mandatory water and sewer charges. *See* N.Y. Admin. Code § 27-2024; N.Y. Pub. Auth. L. § 1045-j(1). At the Jones Property, the water and sewer charges are based exclusively on the physical characteristics of the property. At the Boyd Property, water and sewer charges are also mandatory and automatic, but they vary with usage, at rates set by law.

In both cases, failure to pay property taxes, water and sewer charges, and other municipal charges gave rise to liens on the Properties securing the unpaid charges.[1] The City sold lien certificates evidencing the liens to the Trust defendants, which are financing vehicles for the City's collection of the amounts

---

[1] Although only the owner of the property at the time the charges accrue may be held personally liable for water and sewer charges, any lien arising out of such charges follows (or "runs with") the property until it is redeemed.  App'x 163.

underlying the liens. The Trust defendants, in turn, entered into Servicing Agreements with JER to collect upon the liens. JER retained outside counsel to pursue foreclosure of the liens against the Properties on behalf of the Trust defendants.[2]

Plaintiffs' FDCPA claims relate to the attorneys' fees and costs assessed in connection with the foreclosure actions. The authority for the attorneys' fees and costs sought was N.Y. Admin. Code § 11-335, which provides, in relevant part: "A plaintiff in an action to foreclose a tax lien shall recover reasonable attorney's fees for maintaining such action."

In an October 2, 2012 order, the District Court granted summary judgment for defendants on the basis that the FDCPA did not govern the foreclosure actions. Specifically, it held that: (1) the liens in question did not constitute "debt" within the meaning of the FDCPA; and (2) the FDCPA does not apply to the enforcement of security interests against property only.[3] *See* Special App'x ("SPA") 100, 116. In a September 27, 2013 order, the District Court denied plaintiffs' motion for reconsideration of its October 2 decision on summary judgment. *Id.* at 41.

This timely appeal followed.

---

[2] Boyd and Jones each entered into Forbearance Agreements with defendants providing for the payoff of the amounts purportedly due, along with attorneys' fees and costs. In both cases, payoff was completed, and the foreclosure actions were discontinued with no judgment ever issued.

[3] Because we resolve this appeal on the first ground—that the liens in question did not constitute debt—we do not address the District Court's conclusion that the FDCPA does not apply to enforcement of security interests against property.

**DISCUSSION**

We review an order of a district court granting summary judgment *de novo*. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate where "the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.*

In order to maintain an FDCPA action, the allegedly unlawful behavior must occur in connection with collection of a "debt." The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a *transaction* in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis supplied).

We have not addressed the question of whether New York City's mandatory water and sewer charges involve "debt" within the meaning of the FDCPA. In *Beggs v. Rossi*, we held that municipal taxes levied automatically in connection with ownership of personal property do not involve a "transaction" as that term is understood under the FDCPA and, accordingly, are not "debt" for purposes of the FDCPA. 145 F.3d 511, 512 (2d Cir. 1998). We now conclude that the New York City water and sewer charges also do not involve "debt" under the FDCPA. Rather, the relationship between plaintiffs and the City with respect to such charges is akin to "taxpayer and taxing authority," and "does not encompass that type of *pro tanto*

exchange which the statutory definition envisages." *Beggs*, 145 F.3d at 512.[4]

Like property taxes, New York City water and sewer charges are levied, in some amount, as an incident to property ownership in New York. In addition, the actions to foreclose the liens in question were instituted pursuant to New York law governing "tax liens." Further, the city ordinance governing foreclosure of water and sewer liens requires that they be conducted "in the same manner as a lien for [ ] taxes." N.Y. Pub. Auth. L. § 1045-j(5). In light of the foregoing, the charges at issue are best treated as akin to the municipal property taxes discussed in *Beggs* and, accordingly, outside the scope of the FDCPA.

We also conclude that, after properly granting summary judgment on the FDCPA claims, the District Court had discretion not to exercise supplemental jurisdiction over the state law claims. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) (decision whether to exercise supplemental jurisdiction over state law claims is reviewed for "abuse of discretion").

---

[4] The Third Circuit reached a different conclusion with respect to municipal water and sewer services in Pennsylvania. *See Piper v. Portnoff Law Assoc., Ltd.*, 396 F.3d 227 (3d Cir. 2005). It concluded that "a homeowner's consumption of municipal water/sewer services gave rise to an 'obligation to pay money which arose out of a transaction (requesting water and services) . . . .'" *Id.* at 232-33 (quoting *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000), internal quotation marks and alterations omitted). Even if we were bound by this authority, the character of the water and sewer charges in Pennsylvania—which was essential to the analysis—differed from the character of the charges levied on plaintiffs in this case. Specifically, nothing in the record here suggests that plaintiffs must "request" water and sewer services in order to be charged by the City. Rather, the charges are levied automatically in connection with the property ownership. Accordingly, the Third Circuit cases are distinguishable from the instant case.

**CONCLUSION**

To summarize:

(1)     Liens for mandatory water and sewer charges imposed by New York City as an incident to property ownership are not "debt" under the FDCPA because the relationship between plaintiffs and the City with respect to such charges is akin to taxpayer and taxing authority and does not entail the type of consumer "transaction" anticipated by the statute.

(2)     After dismissing the FDCPA claims, the District Court properly declined to exercise supplemental jurisdiction over the remaining state law claims.

Accordingly, we **AFFIRM** the October 2, 2012 and September 27, 2013 orders of the District Court.