Boyd et al. v. NYCTL 1996-1 Trust et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand seventeen.

PRESENT: DENNIS JACOBS,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

JOAN GRANT BOYD, SYBIL TAYLOR and
TONYA WARTERS, on behalf of
themselves and all others similarly
situated,
        <u>Plaintiffs-Appellants</u>,

        -v.-                                    16-2404

NYCTL 1996-1 TRUST, NYCTL 1998-1
TRUST, and NYCTL 1999-1 TRUST,
        <u>Defendants-Appellees</u>,

J.E. ROBERT CO., INC., and JER
REVENUE SERVICES, LLC,
        <u>Defendants</u>.

- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANTS:** PAUL STUART GROBMAN, New York, New York.

**FOR APPELLEES:** JULIE STEINER <u>for</u> Zachary W. Carter, Corporation Counsel of the City of New York (Jane L. Gordon, <u>on the brief</u>).

Appeal from judgment of the United States District Court for the Eastern District of New York (Cogan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Three representatives of a putative class appeal from the judgment of the United States District Court for the Eastern District of New York (Cogan, <u>J.</u>) dismissing their claims as barred by res judicata. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm the district court's judgment for the reasons that follow.

Plaintiffs are three members of a proposed class of individuals who claim harm from the way New York City collects debts arising from unpaid water bills. In 2005, they brought a class action ("<u>Boyd I</u>") against the defendants in this case asserting Fair Debt Collection Practices Act ("FDCPA") and state law claims. The district court in <u>Boyd I</u> dismissed the FDCPA claim on summary

2

judgment and--because the FDCPA claim was the only asserted basis for federal jurisdiction--declined to exercise supplemental jurisdiction over the state law claims. Boyd v. J.E. Robert Co., No. 05-CV-2455, 2013 WL 5436969 (E.D.N.Y. Sept. 27, 2013), aff'd Boyd v. J.E. Robert Co., 765 F.3d 123 (2d Cir. 2014) (per curiam).

In 2015, the same three plaintiffs sued a nearly identical group of defendants ("Boyd II") asserting RICO and state law claims based on the same facts as the prior suit. This time, the plaintiffs asserted jurisdiction both on the basis of the federal RICO claim and the Class Action Fairness Act ("CAFA"). The district court dismissed all their claims pursuant to Rule 12(b)(6) on res judicata grounds, and the plaintiffs appeal only from the dismissal of their state law claims.

When there has been a "final judgment on the merits," res judicata prevents a plaintiff in the initial case from bringing a second lawsuit against the same defendants arising from the same "transaction, or series of connected transactions" in order to "relitigat[e] issues that were or could have been raised" in the first case. Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 195-96 (2d Cir. 2010). Plaintiffs do not dispute that the parties in both Boyd cases are the same, or that the claims

3

in both arise from the same set of transactions. Instead, they argue that the decision in Boyd I was not a final judgment because dismissal was without prejudice, that the defendants waived their right to argue res judicata, and that the issue of federal jurisdiction under CAFA could not have been raised in Boyd I.

The plaintiffs attempt to use the dismissal of Boyd I "without prejudice" to evade the bar of res judicata. We reject the "without prejudice" argument. See Epperson v. Entertainment Express, Inc., 242 F.3d 100 (2d Cir. 2001); Kale v. Combined Ins. Co. Of Am., 924 F.2d 1161, 1165 n.3, 1167 (1st Cir. 1991).

The plaintiffs argue that the defendants waived their res judicata defense by asking the Boyd I court to dismiss the state law claims for lack of jurisdiction. It may be that res judicata generally does not apply when defendants acquiesce to the splitting of claims, but the defendants' motion to dismiss in Boyd I does not constitute acquiescence or waiver. Defendants took the position that the plaintiffs could try to bring their claims in *state* court, not that they could try again in federal court.

Finally, the plaintiffs argue that they could not have raised CAFA jurisdiction in Boyd I because there was no "reasonable probability" that they could claim at least $5

4

million in damages, as federal jurisdiction under CAFA requires.  28 U.S.C. § 1332(d)(2); see Cutrone v. MERS, 749 F.3d 137, 142 (2d Cir. 2014).  Arithmetic disproves their argument.  The plaintiffs' initial complaint in Boyd I alleged that the named class members were overcharged by thousands of dollars, that there were thousands of other class members, and that the claims of the named plaintiffs were typical of the claims of the other class members.[1] There was a "reasonable probability" that plaintiffs' damages totaled at least $5 million, and plaintiffs thus indeed could have invoked CAFA jurisdiction in Boyd I.

For the foregoing reasons, and finding no merit in the plaintiffs' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] The Boyd I complaint is a public record of which we may take judicial notice.  Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).