[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11366
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cv-00311-JES-UAM

SANDRA K. DRESSLER,

Plaintiff-Appellant,

versus

EQUIFAX, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 16, 2020)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Sandra Dressler, proceeding pro se, appeals the dismissal of portions of her third amended complaint. The complaint alleges a number of statutory and common-law claims arising from allegedly-unlawful attempts to collect debts. The district court deemed Dressler's complaint to be a shotgun pleading and dismissed it with prejudice after granting her three attempts to amend. It also dismissed two of Dressler's claims because they were based on unpaid tax obligations, which it held were not protected by the Fair Debt Collection Practices Act. After careful review, we reverse in part and affirm in part.

## I.

In May 2018, Dressler filed a pro se complaint in the Middle District of Florida naming as defendants the United States Department of Education ("U.S. DOE"); Betsy DeVos, in her official capacity as Secretary of the U.S. DOE; the Florida Department of Education ("Florida DOE"); Navient Corporation; Navient Solutions, Inc.; Education Credit Management Corporation; Pioneer Credit Recovery, Inc. ("Pioneer"); Equifax, Inc.; Equifax Information Services, LLC;[1] and ten unnamed defendants. The complaint alleged breach of contract as well as

---

[1] Equifax, Inc. and Equifax Information Services LLC are referred to collectively as "Equifax" in this decision.

violations of the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), and Telephone Consumer Protection Act ("TCPA").

On August 29, 2018, the district court dismissed the complaint as a shotgun pleading. The district court granted Dressler leave to amend and directed her to resources for pro se litigants. However, the court warned that, if her amended complaint was also a shotgun pleading, it could be dismissed on that basis alone. On September 5, 2018, Dressler filed a first amended complaint accompanied by a request for judicial notice in which she expressed concern that the court's complaint form did not provide for individual counts and causes of action. Dressler requested leave to amend if the court found her amended complaint insufficient. The Florida DOE moved to dismiss. On September 21, 2018, the district court granted Dressler's request to amend, denied the Florida DOE's motion to dismiss as moot, and reminded Dressler to address the "shotgun pleading issues" in her second amended complaint. Dressler filed a second amended complaint on October 4, 2018. Navient Corporation, Navient Solutions, Pioneer, Education Management Corporation, and the Florida DOE moved to dismiss the second amended complaint. The district court concluded it was a shotgun pleading and dismissed it. The district court again gave Dressler leave to amend but warned her that a subsequent shotgun pleading would be dismissed with prejudice and without leave to amend.

On January 16, 2019, Dressler filed a third amended complaint against the same defendants, again alleging violations of the FCRA, FDCPA and TCPA and breach of contract. The complaint alleges that in July and August, 2017, Dressler sent the U.S. DOE, the Florida DOE, Navient Corporation, Equifax, and Education Credit Management each a notice of dispute demanding validation of alleged debts. On February 28, 2018, after receiving a "Tax Delinquent Notice" from Pioneer, Dressler sent a notice of dispute demanding validation of her alleged debt to the Internal Revenue Service ("IRS"). She alleges that these defendants did not respond to her letters disputing the alleged debt and failed to provide notice of the dispute to credit reporting agencies. Dressler also alleges that, despite not being authorized to do so, Navient Corporation, the Florida DOE, and Education Credit Management called her cellular phone approximately 25 times between August 10 and September 12, 2017, using an automatic telephone dialing system and leaving recorded messages.

The third amended complaint alleges ten causes of action.[2] Count 2 alleges that the U.S. DOE, Florida DOE, DeVos, Navient Corporation, Pioneer, and Education Credit Management violated the FCRA, 15 U.S.C. § 1681s-2(b), by failing to conduct a meaningful investigation of Dressler's disputed debts. Count 3

---

[2] Counts 1 and 10 allege claims against Equifax. These claims were stayed pending the resolution of multi-district litigation and are not at issue in this appeal.

alleges that Pioneer, Education Credit Management, and Navient Corporation violated the FDCPA, 15 U.S.C. § 1692e(8), by failing to communicate to credit reporting agencies that Dressler's debts were disputed. Count 4 alleges that Navient Corporation, the Florida DOE, and Education Credit Management violated the FDCPA, 15 U.S.C. § 1692d(5), by calling Dressler's telephone more than 25 times with the intent to annoy, harass, or abuse her. Count 5 alleges that Pioneer violated the FDCPA, 15 U.S.C. § 1692g(b), by attempting to collect disputed debts from Dressler. Count 6 alleges that Pioneer violated the FDCPA, 15 U.S.C. § 1692e(2)(A), by mailing false, deceptive, or misleading collection letters to Dressler. Count 7 alleges that Navient Corporation, the Florida DOE, and Education Credit Management violated the TCPA, 47 U.S.C. § 227(b)(3), by calling Dressler on her cellular phone without her permission. Count 8 alleges that Navient Corporation, the Florida DOE, and Education Credit Management violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automated telephone dialing system to call Dressler. Count 9 alleges that the U.S. DOE, Devos, and the Florida DOE fraudulently attempted to collect debts for which they were not creditors.

On April 1, 2019, the district court granted in part and denied in part motions to dismiss filed by the Florida Department of Education, Education Credit Management Corporation, Navient Corporation, Navient Solutions, and Pioneer. It described Counts 2–4 and 7–9 as continuing to "lump the defendants together . . .

and provide generic and general factual allegations as if they apply to all defendants." Holding that these causes of action "fail[ed] to place each defendant on notice of what allegations specifically against them give rise to each cause of action," the district court dismissed them with prejudice. It also dismissed with prejudice Counts 5 and 6 for failure to state a claim, because they were based on allegations that Pioneer sought to collect a tax obligation owed to the IRS, which is not a "debt" under the FDCPA. Finding no just cause for delay, the district court entered final judgment in favor of all defendants other than Equifax. Dressler timely appealed.

## II.

We review for abuse of discretion the dismissal of "shotgun pleadings" under Federal Rule of Civil Procedure 8(a). Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294 (11th Cir. 2018). We review de novo the dismissal of a complaint for failure to state a claim, taking all alleged facts as true and construing them in the light most favorable to the plaintiff. Butler v. Sheriff of Palm Beach Cty., 685 F.3d 1261, 1265 (11th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Instead, a plaintiff must plausibly allege all elements of the claim for relief. Feldman v. Am. Dawn, Inc., 849 F.3d 1333, 1339 (11th Cir. 2017). The plausibility standard is met when the

6

facts alleged allow the court to draw the reasonable inference that the defendant is liable.  Simpson v. Sanderson Farms, Inc., 744 F.3d 702, 708 (11th Cir. 2014).

### III.

The district court erred in dismissing Counts 2–4 and 7–9 as shotgun pleadings.  Under Rule 8(a)(2), a complaint is required to include a short and plain statement that fairly notifies defendants of the claims against them and the supporting grounds of those claims.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007).  A so-called "shotgun pleading" is a complaint that fails to comply with Rule 8(a)(2) because it contains numerous causes of action adopting the factual allegations of all proceeding counts; is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; does not separate causes of action into separate counts; or asserts multiple claims against multiple defendants while failing to specify which defendants are responsible for which acts or omissions.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  This Court has little tolerance for such pleadings, as they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."  Vibe Micro, 878 F.3d at 1295 (alterations adopted and quotation marks omitted).

7

Dressler's third amended complaint does not exhibit any of the typical characteristics of a shotgun pleading. While not at all times a model of clarity, it is reasonably concise, alleges concrete actions and omissions undertaken by specific defendants, and clarifies which defendants are responsible for those alleged acts or omissions. It is not "replete" with vague, conclusory, or immaterial facts which are immaterial to its causes of action or which make it difficult to decipher the basis of each claim. Weiland, 792 F.3d at 1322. It adequately separates the causes of action into separate counts. Id. at 1320. And it does not fail to reasonably specify which defendants are responsible for which alleged acts or omissions. Id. at 1323. Rather, each count in the third amended complaint identifies which defendant it applies to and specifies material facts which forms the basis of that claim. As a result, the third amended complaint does not it make it "virtually impossible" for each defendant to know "which allegations of fact are intended to support which claim(s) for relief." Id. at 1325 (emphasis and quotation marks omitted).

The district court acted well within its discretion when it dismissed the first three iterations of the complaint as being shotgun pleadings. However, Dressler adequately addressed the district court's concerns in her third amended complaint. And we are especially unconvinced that dismissal is appropriate given that the complaint was drafted by a pro se litigant. See Tannenbaum v. United States, 148

8

F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (holding that pro se pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").  The district court abused its discretion in dismissing Counts 2–4 and 7–9 of the third amended complaint on shotgun pleading grounds.

## IV.

The district court dismissed Counts 5 and 6 of the third amended complaint for failing to state a claim that Pioneer violated the FDCPA.  It construed Dressler's claims as being based on Pioneer's alleged attempts to collect delinquent tax payments owed to the IRS; held that delinquent tax payments are not debts as defined by 15 U.S.C. § 1692a; and concluded that such obligations are not protected by the FDCPA.  We agree.

To state a claim under the FDCPA "a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt'" under the statute.  Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 836–37 (11th Cir. 2010) (per curiam).  The FDCPA defines "debt" as

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

9

15 U.S.C. § 1692a(5). "[T]he mere obligation to pay does not constitute a 'debt' under the [FDCPA]." Oppenheim, 627 F.3d at 837. To be covered by the statute, the obligation to pay must, at a minimum, involve "some kind of business dealing or other consensual obligation." Id. at 838 (quotation marks omitted). By contrast, an obligation to pay that "arises solely by operation of law" is not a debt covered by the FDCPA. Agrelo v. Affinity Mgmt. Servs., LLC, 841 F.3d 944, 951 (11th Cir. 2016).

Because tax obligations do not arise from business dealings or other consumer transactions they are not "debts" under the FDCPA. See Beggs v. Rossi, 145 F.3d 511, 512 (2d Cir. 1998) (per curiam) (holding that unpaid taxes are not debts under the FDCPA); see also Oppenheim, 627 F.3d at 837 n.4 (citing Beggs favorably). Thus, the district court did not err in dismissing Counts 5 and 6 of the third amended complaint for failing to state a claim.

**AFFIRMED IN PART AND REVERSED IN PART.**

10