*Swinton v. Livingston County*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-three.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

ROBERT L. SWINTON, JR.,

> *Plaintiff-Appellant,*

v.          No. 21-1434

LIVINGSTON COUNTY, LIVINGSTON COUNTY JAIL, MONROE COUNTY, MONROE COUNTY JAIL, NURSE SCHINSKI, NURSE YUNKER, CHIEF DEPUTY YASSO, CORPORAL SLOCUM, DEPUTY FORRESTER, CORRECT CARE SOLUTIONS, INC., DR. MAXMILLIAN CHUNG, DR. CHARLES THOMAS, CORRECTIONAL MEDICAL CARE INC.,

> *Defendants-Appellees.**

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:** Robert L. Swinton, Jr., pro se, Danbury, CT.

**For Defendants-Appellees Livingston County, Livingston County Jail, Nurse Schinski, Nurse Yunker, Chief Deputy Yasso, Corporal Slocum, and Deputy Forrester:** Michael P. McClaren, Vincent Thomas Parlato, Webster Szanyi LLP, Buffalo, NY.

**For Defendants-Appellees Dr. Charles Thomas and Correctional Medical Care Inc.:** Paul Andrew Sanders, Barclay Damon, LLP, Rochester, NY.

**For Defendant-Appellee Dr. Maxmillian Chung:** Kara M. Addelman, Addelman Cross & Baldwin, PC, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Robert L. Swinton, Jr., incarcerated and proceeding pro se, appeals from (1) the district court's sua sponte dismissal of his claims under 42 U.S.C. § 1983 against Livingston County and Monroe County (collectively, the "Counties") and their respective jails (collectively, the "Jails") at initial screening under 28 U.S.C.

§§ 1915(e)(2) and 1915A(a); and (2) the district court's grant of summary judgment under Rule 56 of the Federal Rules of Civil Procedure, dismissing his section-1983 and state-law claims against the remaining defendants, all in connection with the conditions of his pretrial detention between 2012 and 2015. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's sua sponte dismissal under section 1915(e)(2) and its grant of summary judgment under Rule 56 de novo. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018); *1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 463 (2d Cir. 2020). In determining whether a district court's sua sponte dismissal is appropriate, we accept as true all well-pleaded factual allegations in the complaint, draw all reasonable inferences in the plaintiff's favor, and assess whether the complaint "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We affirm a district court's grant of summary judgment "when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

On appeal, Swinton argues principally that the district court erred by (1) dismissing his section-1983 claims against the Counties and Jails for failing to plausibly allege an official policy or custom under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); (2) granting summary judgment in favor of Dr. Charles Thomas, Dr. Maximillian Chung, and their employer, Correctional Medical Care Inc. ("CMC"), on Swinton's claims of deliberate indifference to his dental conditions at the Monroe County Jail; (3) granting summary judgment in favor of Nurse Schinski and Nurse Yunker (collectively, the "Nurses") and Chief Deputy Yasso on Swinton's claims of deliberate indifference to his dental conditions at the Livingston County Jail; and (4) granting summary judgment in favor of the Nurses, Chief Deputy Yasso, Corporal Slocum, and Deputy Forrester (collectively, the "Officers") on Swinton's claims of denial of court access. We discuss each of Swinton's arguments in turn.

First, the district court correctly concluded that Swinton failed to plausibly allege a *Monell* claim against the Counties and the Jails. Under *Monell*, a municipality is subject to suit under section 1983 only if the "execution of [the] government's policy or custom . . . inflicts the [alleged] injury." 436 U.S. at 694. To satisfy this requirement, "general and conclusory allegation[s]" of an

4

unconstitutional policy or custom are insufficient. *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015). Rather, a plaintiff must identify either an "express rule or regulation," a practice that "was so persistent or widespread as to [carry] the force of law," or misconduct of "subordinate employees" that "was so manifest as to imply the constructive acquiescence of senior policy-making officials." *Id*. Swinton's complaint asserts in a conclusory fashion that the Counties and the Jails are liable under section 1983 because the Counties were "responsible for [the] polic[ies]" and "supervision of the [Jails]," and he experienced "toothaches and abscesses" while the Jails were "responsible for [his] care." Suppl. App'x at 10–11. But aside from these assertions, Swinton alleges no facts to suggest that his purported injuries were inflicted by the Counties' or the Jails' "express rule," "widespread" practice, or "manifest" misconduct. *Littlejohn*, 795 F.3d at 315. Because Swinton's "general and conclusory" allegations of constitutional violations are insufficient to satisfy the policy-or-custom requirement under *Monell*, we affirm the district court's sua sponte dismissal of Swinton's claims against the Counties and the Jails.[1] *Id*.

---

[1] Although a district court has ample discretion to grant a pro se defendant leave to amend his complaint before dismissal, it need not do so when such relief would be futile – i.e., when the complaint does not give "any indication that a valid claim might be stated." *Pangburn v.*

5

Second, the district court correctly granted summary judgment in favor of Dr. Thomas, Dr. Chung, and their employer, CMC, on Swinton's claims of deliberate indifference to his dental conditions at the Monroe County Jail. Because Swinton was at all relevant times a pretrial detainee, his deliberate-indifference claims are analyzed under the Fourteenth Amendment's Due Process Clause. *See Darnell v. Pineiro*, 849 F.3d 17, 29–30 (2d Cir. 2017). Under the Fourteenth Amendment, "mere medical malpractice is not tantamount to deliberate indifference." *Charles v. Orange County*, 925 F.3d 73, 87 (2d Cir. 2019) (quoting *Cuoco v. Moritsugu*, 22 F.3d 99, 107 (2d Cir. 2000)). Instead, a plaintiff must demonstrate, "at a minimum," that the defendant provided deficient medical treatment with "culpable recklessness . . . that evinces a conscious disregard of a substantial risk of serious harm" to his health. *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021).

Here, Swinton argues that Dr. Thomas and Dr. Chung were deliberately indifferent to his dental conditions because they "appl[ied] a less efficacious treatment" than what Swinton requested. Swinton's Br. at 6. We disagree.

---

*Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). Because even a liberal construction of Swinton's complaint gives no indication that he could plausibly allege a *Monell* claim against the Counties and the Jails, the district court did not abuse its discretion by denying Swinton leave to amend his complaint when it dismissed Swinton's *Monell* claims at initial screening.

When Dr. Thomas first treated Swinton at the Monroe County Jail, Dr. Thomas observed that Swinton's "abscess did not constitute an emergent, life-threatening condition" and therefore prescribed him antibiotics "to control the bacteria that caused the abscess." Dist. Ct. Doc. No. 259, Ex. 9, ¶¶ 16, 21. After Swinton came under Dr. Chung's care a few months later, Dr. Chung conducted multiple examinations on Swinton's tooth, all of which revealed "[n]o soft tissue pathology." Suppl. App'x at 498. Nevertheless, because Swinton complained of a "pressure feeling" around his tooth, Dr. Chung inserted "a new temporary filling," "prescribed antibiotics," and "recommended evaluation for future extraction if the issue did not resolve." *Id*. When Swinton returned for a follow-up examination, Dr. Chung again observed "no soft tissue pathology." *Id.* at 499. Swinton now contends that Dr. Thomas and Dr. Chung should have provided him with "a root-canal" or "an extraction" to remedy his "repeated abscessing," Swinton's Br. at 6, but a mere disagreement over the proper course of treatment, without more, does not "evince[] a conscious disregard of a substantial risk of serious harm" to Swinton's health, *Darby*, 14 F.4th at 128; *see also Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

7

On this record, we cannot say that Dr. Thomas, Dr. Chung, or their employer, CMC, were deliberately indifferent to Swinton's dental conditions. *See Darby*, 14 F.4th at 128.

Third, the district court correctly granted summary judgment in favor of the Nurses and Chief Deputy Yasso on Swinton's deliberate-indifference claims related to his dental conditions at the Livingston County Jail. As to the Nurses, the district court found that they were entitled to qualified immunity, which shields government officials from suits for monetary damages "unless their actions violate clearly[ ]established rights of which an objectively reasonable official would have known." *Jones v. Parmley*, 465 F.3d 46, 55 (2d Cir. 2006) (quoting *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999)). As the district court reasoned, when Swinton was under the Nurses' care, medical indifference would constitute a constitutional violation only if the prison official had a "*subjective awareness* of the harmfulness associated with" his act or omission but nevertheless "disregarded [the] excessive risks" he posed "to the [detainee]'s health and safety." *Darnell*, 849 F.3d at 27, 35 (emphasis added). Not until 2017 did we announce "that deliberate indifference for due process purposes should be [instead] measured by an *objective* standard," *id.* at 35 (emphasis added)—namely,

8

by determining whether the prison official reasonably "*should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health," *Darby*, 14 F.4th at 128 (quoting *Charles*, 925 F.3d at 87).

In this case, the district court correctly found that there was insufficient evidence to suggest that the Nurses "acted with deliberate indifference in a subjective sense" by knowingly "disregard[ing] excessive risks to [Swinton]'s health and safety." *Darnell*, 849 F.3d at 27. Instead, as the district court noted, "the record establishes that whenever [Swinton] complained of dental pain, he received medical attention, including pain relief medication, antibiotics, and the hydrogen peroxide mouth rinse, which [Swinton] repeatedly reported helped relieve the pain." *Swinton v. Livingston County*, No. 15-cv-53A(F), 2018 WL 4637376, at *12 (W.D.N.Y. Sept. 27, 2018), *report and recommendation adopted sub nom. Swinton v. Schinski*, No. 15-cv-53-A, 2019 WL 5694314 (W.D.N.Y. Nov. 4, 2019). In the absence of any evidence of the Nurses' subjective indifference to Swinton's dental conditions, we cannot conclude that the Nurses "violate[d] clearly[ ]established rights of which an objectively reasonable official would have known." *Jones*, 465 F.3d at 55 (quoting *Thomas*, 165 F.3d at 142).

9

As to Chief Deputy Yasso, we agree with the district court that there was no evidence that he was personally involved in Swinton's dental treatment. We have long held "that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983," and that a prison official cannot "be held personally responsible simply because he was in a high position of authority in the prison system." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted). Here, Yasso's only involvement in Swinton's dental treatment was his investigation into Swinton's grievance petition about the treatment, *see* Suppl. App'x at 108–09; his inquiry regarding the status of Swinton's root canal request, *see id.* at 109; and his arrangement to postpone Swinton's transfer to another facility so that Swinton could receive a root canal prior to the transfer, *see id*. at 111. On this record, we see no evidence suggesting that Yasso was "personally involved in depriving" Swinton of proper dental treatment. *Wright*, 21 F.3d at 502.

Fourth, the district court correctly granted summary judgment dismissing Swinton's denial-of-court-access claims. Swinton contends that he could not effectively challenge a prior Florida state-court conviction because the Livingston County Jail's law library and legal-assistance program were inadequate. The

Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). But to assert a deprivation of that right, a plaintiff must show that "the alleged inadequacies of a prison's library facilities or legal[-]assistance program caused him actual injury," *id.* at 348 (internal quotation marks omitted), by "frustrat[ing]" or "imped[ing]" his "nonfrivolous legal claim[s]," *id.* at 353.

Here, Swinton has not "point[ed] to any actual denial of legal rights . . . based on the asserted constitutionally deficient legal resources at [the Livingston County Jail]." *Swinton*, 2018 WL 4637376, at *9. To the contrary, the record shows that Swinton mounted multiple challenges to his Florida conviction while he was detained at the Livingston County Jail. For instance, in June 2014, a court-appointed criminal defense attorney sought to vacate Swinton's Florida conviction, "but because th[at] conviction was never appealed, . . . the motion was denied as untimely." *Id.* at *8. Moreover, in April 2015, Swinton raised a related challenge to the same conviction "in his pro se coram nobis petition, which was considered and denied by both the Florida District Court of Appeal and the Florida

11

Supreme Court."[2]  *Id*. (capitalization standardized).  Because Swinton cannot point to any deficiency of the Livingston County Jail's legal resources that "frustrated" or "impeded" a "nonfrivolous" challenge to his Florida conviction, he has failed to demonstrate any actual injury required under *Lewis*.[3]  518 U.S. at 348, 353.

We have considered all of Swinton's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Swinton also argues that he was denied the right to court access because he could not effectively appeal the Livingston County Jail's resolution of his grievance petitions.  The record, however, is devoid of any evidence that he had any "nonfrivolous legal claim[s]" that were "frustrated" or "impeded" during the grievance process.  *Lewis*, 518 U.S. at 353.  We therefore affirm the district court's grant of summary judgment as to Swinton's denial-of-access claims in connection with his prison grievances.

[3] Because we conclude that the district court properly dismissed Swinton's section-1983 claims, we also conclude that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state-law claims.  *See Boyd v. J.E. Robert Co.*, 765 F.3d 123, 126 (2d Cir. 2014) (holding that "after properly granting summary judgment on the [federal] claims, the [d]istrict [c]ourt had discretion not to exercise supplemental jurisdiction over the state[-]law claims").

12